# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2011

No. 10-20698
Summary Calendar

Lyle W. Cayce
Clerk

KIM MURRAY,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-4160

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kim Murray applied for Supplemental Security Income benefits. The Social Security Administration denied her claim, and the district court denied her appeal. We AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

Murray's brief describes her history of suffering from bipolar disorder, attention deficit hyperactivity disorder, and obsessive-compulsive personality

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disorder, with symptoms including but not limited to "instability, mood swings, severe highs & low depressive states, anxiety, panic attacks, poor judgment, [and] trouble focusing." Because of these impairments, on September 10, 2007, she filed for Supplemental Security Income benefits ("SSI").

An Administrative Law Judge ("ALJ") within the Social Security Administration held a hearing to determine whether Murray met the standard to receive SSI. Murray testified at the hearing, as did her mother, her neighbor Mrs. Keeler, an independent medical expert, and an independent vocational expert. Murray was assisted by a non-attorney representative, although in Murray's briefing to this court she writes that at the time, she thought her representative was an attorney.

After considering the testimony and exhibits, the ALJ denied Murray's claim in a detailed written decision. It applied the usual sequential evaluation process, which requires all five steps be satisfied before a claimant can receive benefits. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). The ALJ found that Murray suffered from a severe impairment, namely bipolar disorder and drug and alcohol abuse. This impairment, though, did not satisfy the severity and duration requirements required to qualify for SSI. 20 C.F.R. §§ 416.909, 416.925. It also found that Murray's disabilities had not prevented her from working. The ALJ found "the claimant is far more capable than she now alleges." The ALJ instead accepted the independent medical expert's conclusion that Murray had "no serious limitations that would preclude [her] ability to perform unskilled work," although the ALJ did find that such work needed to be low-stress and with minimal public contact. The ALJ then accepted the independent vocational expert's testimony that jobs with her specific limitations existed in the national and regional economy.

No. 10-20698

Murray challenged the ALJ's decision in the Appeals Council of the Social Security Administration. The Appeals Council found no basis for changing the decision, and the ALJ's ruling thus became the final decision of the Commissioner of Social Security. 42 U.S.C. § 405(h).

Murray then filed an appeal with the United States District Court. That court reviewed the ALJ's decision for substantial evidence, a legal standard that we discuss below. It found the ALJ's decision supported by substantial evidence and affirmed the decision. Murray timely filed a notice of appeal in this court. She asks that we reverse and grant her the benefits she seeks.

## DISCUSSION

Murray is proceeding *pro se*, so we interpret her pleadings liberally, affording her all reasonable inferences which can be drawn from them. *In re Texas Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010). Murray has appealed here because, she writes, "I don't believe Appellee reviewed all of my Letters & Information I highlighted and sent on Bi-Polar disorder, which I feel is very important in understanding what I go through on a regular basis." Murray therefore disputes that the ALJ properly considered her Letters & Information, but does not challenge the laws the ALJ applied in denying her benefits. The information to which Murray refers consists mainly of printouts from the websites of the National Alliance on Mental Illness and Wikipedia explaining her impairments.

When SSI applicants are denied because of the ALJ's factual findings, we can review only to determine whether "substantial evidence" supported the ALJ's decision. 42 U.S.C. § 405(g). "Substantial evidence" means enough evidence "that a reasonable mind might accept it as adequate to support a conclusion." *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992) (citation omitted). "[W]e can not reweigh the evidence, try the issues de novo, or substitute our judgement for that of the [Social Security Administration]." *Id.*

3

No. 10-20698

Even though our review is limited, "it is imperative that we scrutinize the record in its entirety to determine the reasonableness of the decision reached by the [Social Security Administration] and whether substantial evidence exists to support it." *Id.*

After reviewing the entire record, we conclude that the ALJ's decision was supported by substantial evidence. The ALJ was entitled to rely upon the analysis of the independent medical expert that Murray's impairments were not severe and persistent enough to meet the requirements for SSI and did not prevent her from performing unskilled work, albeit with certain limitations. *See Randall v. Astrue*, 570 F.3d 651, 663 (5th Cir. 2009). Murray's impairments had not lasted or would not be expected to persist for a continuous period of at least 12 months, as required to receive SSI. 42 U.S.C. § 423(d)(1)(A); *Bowling*, 36 F.3d at 435. The ALJ was also entitled to consider that during the period she claimed to be disabled, Murray worked part-time assisting her neighbor Mrs. Keeler, and could continue to perform similar tasks in the future. *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (per curiam).

For these reasons, the judgment is AFFIRMED.